IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. WALKER,

                    Plaintiff,

        v.                                                          OPINION and ORDER

DANE COUNTY CHILD SUPPORT AGENCY,
WISCONSIN DEPARTMENT OF CHILDREN AND                         25-cv-817-jdp
FAMILIES, ANDREA D. BRENDEMUEHL,
and MARY BETH KEPPEL,

                    Defendants.

---

CHARLES L. WALKER,

                    Plaintiff,

        v.                                                          OPINION and ORDER

JACOB FROST, DANE COUNTY CHILD SUPPORT                       25-cv-907-jdp
AGENCY, and STATE OF WISCONSIN
DEPARTMENT OF CHILDREN AND FAMILIES,

                    Defendants.

---

Plaintiff Charles L. Walker, proceeding without counsel, has filed the two above-captioned cases concerning events occurring in paternity and child support proceedings in the Dane County Circuit Court. The court has allowed Walker to proceed with these cases without prepaying any portion of the filing fees.

The next step is for me to screen Walker's complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the complaints' allegations as true and construe the

complaints generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Walker cannot state a proper claim for relief so I will dismiss both cases.

## ALLEGATIONS OF FACT

In Case No. 25-cv-817-jdp, Walker alleges that in 2007 Andrea D. Brendemuehl of the Dane County Child Support Agency initiated a paternity/child support proceeding against him "[u]sing a fake petition and summons to hold a child support hearing without proper service," Dkt. 1 in the '817 case, at 4, and that Brendemuehl got defendant court commissioner Mary Beth Keppel to issue an arrest warrant against him. *See* Dane County Case No. 2007PA676PJ.

In Case No. 25-cv-907-jdp, Walker alleges that in 2023, defendant Judge Jacob Frost issued a ruling in the ongoing family-court proceedings ordering Walker to pay child-support arrears despite knowing that Walker's only income was Social Security benefits exempted from garnishment for child support. Frost later found Walker in contempt for failing to pay arrears and issued a warrant leading to Walker's arrest.

## ANALYSIS

Walker seeks to bring claims against individuals involved in his family-court proceedings and against Dane County and the State of Wisconsin. But Walker's complaints suffer from multiple problems, most of which are the same problems that I discussed in screening the complaints in another of Walker's cases regarding events connected to the family-court proceedings, *Walker v. Dane County Sheriff's Office*, Case No. 25-cv-571-jdp (W.D. Wis.). In that case I dismissed all of Walker's claims except for his Fourth Amendment claims against

officers who used excessive force against him, humiliated him during a strip search, and refused to give him his medications.

In his current cases, Walker again alleges that the underlying state-court proceedings are unconstitutional for various reasons, and he now adds that defendant Frost violated his rights by garnishing his Social Security benefits. But my review of Wisconsin's electronic court records shows that Walker has a pending appeal challenging the underlying validity of the state-court case and defendant's Frost's child support rulings. *See Bennett v. Walker*, Case No. 2025AP507 (Wis. Ct. App.).[1] This federal court cannot proceed with claims about rulings in his state-court case while those proceedings are ongoing. *See J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (citing *Younger v. Harris*, 401 U.S. 37 (1971), and stating federal courts cannot adjudicate claims that take aim at contested and ongoing family court custody dispute).

Even if Walker's state-court proceedings weren't ongoing, there are other fundamental flaws with his claims. As with his previous case, Walker doesn't include any allegations plausibly suggesting that he has claims against the state or Dane County: he can't sue the state directly, and municipalities are liable for unconstitutional acts of its officers only if the constitutional violations resulted from a policy, widespread practice, or decision by a policymaker. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).

Walker also can't sue defendants regarding events that occurred in 2007. *See Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010) (six-year statute of limitations for constitutional claims like those brought by Walker); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002) (district court may dismiss a complaint if party pleads enough information to

---

[1] Available at https://wscca.wicourts.gov.

show that complaint is untimely). Walker argues that the statute of limitations has not yet run because he only recently reviewed his case file showing Attorney Brendemuehl's misconduct in initiating the family-court case. But a plaintiff's claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019). There isn't any plausible basis for Walker to assert that he wasn't aware until now of the false petition against him or problems with service or the arrest warrant.

Moreover, Judge Frost is immune for his official actions, *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005), and Commissioner Keppel is also immune for "functions integral to the judicial process," such as issuing warrants, *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989).

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of these lawsuits are appropriate because there isn't any reason to think that Walker could amend his complaints to fix the problems discussed above.

ORDER

IT IS ORDERED that:

1.  These cases are DISMISSED.

2. The clerk of court is directed to enter judgment accordingly and close these cases.

Entered November 17, 2025.

<div style="margin-left: 40%;">

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

</div>